UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WAHIDA RASHID, | : | CIVIL ACTION NO. _____ |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| WELLS FARGO BANK, N.A., | : | |
| | : | |
| Defendant. | : | JUNE 18, 2014 |

### NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), for purposes of removing this case to the United States District Court for the District of Connecticut, states the following:

1. On May 23, 2014, Plaintiff initiated an action against Wells Fargo in the Superior Court for the Judicial District of Hartford at Hartford, entitled <u>Wahida Rashid v. Wells Fargo Bank, N.A.</u>, No. HHD-CV14-6051301-S, returnable July 1, 2014, by the service of a Summons and Complaint (the "Complaint") on Wells Fargo. Other than Plaintiff filing her Summons, Complaint, and Return of Service with the Superior Court on May 27, 2014, no further proceedings have been had in this action.

2. In accordance with 28 U.S.C. § 1446(a), Wells Fargo has attached hereto as **Exhibit A** copies of all process, pleadings and orders served upon it in this action.

3. Plaintiff's lawsuit against Wells Fargo is a civil action of which this Court has original jurisdiction pursuant to <u>both</u> 28 U.S.C. § 1331 <u>and</u> 28 U.S.C. § 1332, and is one that Wells Fargo may remove to this Court pursuant to 28 U.S.C. § 1441 because its raises contains federal claims and, alternatively, because diversity jurisdiction exists in this matter.

4. Based upon Plaintiff's Summons and Complaint, and upon information and belief,

Plaintiff is a citizen of the State of Connecticut. (See Summons; Compl. ¶ 1.)

5. Defendant Wells Fargo is a national banking association and a federally chartered bank. As such, it is a citizen of the State in which its main office is located, as set forth in its Articles of Association. See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006). Wells Fargo's main office is located in Sioux Falls, South Dakota. Wells Fargo is, accordingly, a citizen of the State of South Dakota.

6. Diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed. Diversity of citizenship continues to exist at the time this Notice of Removal is being filed.

7. Based upon Plaintiff's Complaint, which alleges: (a) discrimination and hostile work environment based on color, race, and national origin, in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46(a)-60(a)(1), *et seq.*; (b) discrimination and hostile work environment based on religion, in violation of CFEPA; (c) other discrimination, in violation of CFEPA; (d) retaliation, in violation of CFEPA; (e) discrimination and hostile work environment based on gender, in violation of CFEPA; (f) discrimination based on color, in violation of 42 U.S.C. § 1981; (g) negligent supervision; (h) negligent infliction of emotional distress; (i) intentional infliction of emotional distress; (j) non-payment of wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a)(1) & 207(a)(1); (k) non-payment of wages, in violation of Conn. Gen. Stat. §§ 31-68, 31-72, *et seq.*; (l) workers' compensation retaliation, in violation of Conn. Gen. Stat. § 31-290a (see Compl.); the amount in controversy in this lawsuit is greater than $75,000.00, exclusive of interest and costs. Plaintiff is seeking back pay, front pay, alleged lost benefits, alleged lost fringe benefits, emotional distress damages, punitive damages, and attorneys' fees and costs. (See Compl. at 15.) Without

question, Plaintiff's damages claims demonstrate that at least $75,000 is at issue.[1]

8. Accordingly, the United States District Court for the District of Connecticut has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, as Plaintiff asserts claims arising under federal laws; namely, under 42 U.S.C. § 1981 and the FLSA. Moreover, the United States District Court for the District of Connecticut has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as this is a civil action between citizens of different states in which the amount in controversy exceeds the statutory requirement.

9. Plaintiff's lawsuit against Wells Fargo is one that Wells Fargo may remove to this Court pursuant to 28 U.S.C. § 1441(a) in that the United States District Court for the District of Connecticut embraces the location where the State Court Action is pending, *i.e.*, Hartford, Connecticut.

10. Wells Fargo has timely filed this Notice of Removal in that it first received a copy of the Summons and Complaint on May 23, 2014 and it has filed this Notice of Removal within thirty (30) days thereof. See 28 U.S.C. § 1446(b)(1).

11. Pursuant to 28 U.S.C. § 1446(d), Wells Fargo hereby certifies that it has served a copy of this Notice on Plaintiff, and has filed a copy of this Notice with the State of Connecticut Superior Court Clerk, Judicial District of Hartford at Hartford. Wells Fargo has attached a copy of the Notice filed with the Superior Court Clerk hereto as **Exhibit B**.

12. Undersigned counsel has signed this Notice pursuant to Rule 11 of the Federal Rules of Civil Procedure, in accordance with 28 U.S.C. § 1446(a).

---

[1] Wells Fargo in no way concedes that Plaintiff can establish that it is liable for any measure of damages. Rather, this analysis is intended to demonstrate that, if Plaintiff could prevail on liability, more than $75,000 would be at issue.

13.     In filing this Notice of Removal, Wells Fargo does not waive any defects in service of process, venue, or personal jurisdiction.

WHEREFORE, Wells Fargo respectfully requests, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446, that this action now pending in the Superior Court for the State of Connecticut, be removed to this Court, and that this Court proceed with this case as if originally initiated in this Court.

                    DEFENDANT
                    WELLS FARGO BANK, N.A.

*/s/ Jeffrey A. Fritz*
Jeffrey A. Fritz (ct26667)
Fisher & Phillips LLP
200 State Street, 13th Floor
Boston, Massachusetts 02109
(617) 722-0044
*jfritz@laborlawyers.com*

Its Attorneys

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to:

Michael T. Petela, Jr., Esq.
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, Connecticut 06114
*mpetela@cicchielloesq.com*

*Plaintiff's Counsel*

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jeffrey A. Fritz*
　　　　　　　　　　　　　　　　　　　　　　　Jeffrey A. Fritz