**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| WAHIDA RASHID, | : | CIVIL ACTION NO. 3:14-cv-00883 (JAM) |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| WELLS FARGO BANK, N.A., | : | |
| | : | |
| Defendant | : | AUGUST 4, 2014 |

**FORM 26(f) REPORT OF PARTIES' PLANNING MEETING**

Date State Complaint Served:     May 23, 2014
Date State Complaint Filed:      May 27, 2014
Date of Removal:                 June 18, 2014
Date of Defendant's Appearance:  June 18, 2014

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Rule 16 of the Local Rules of Civil Procedure, the parties held a conference on August 4, 2014. The participants were: Michael T. Petela, Jr. for Plaintiff Wahida Rashid and Jeffrey A. Fritz for Defendant Wells Fargo Bank, N.A. ("Wells Fargo").

## I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

Plaintiff's lawsuit against Wells Fargo is a civil action of which this Court has original jurisdiction pursuant to both 28 U.S.C. § 1331 and 28 U.S.C. § 1332, and is one that Wells Fargo

removed to this Court pursuant to 28 U.S.C. § 1441 because it raises/contains federal claims (*i.e.*, 42 U.S.C. § 1981 & 29 U.S.C. §§ 206(a)(1) & 207(a)(1)) and, alternatively, because diversity jurisdiction exists in this matter.  Based upon the allegations of Plaintiff's Complaint, and upon information and belief, Plaintiff is a citizen of the State of Connecticut.  Defendant Wells Fargo is a national banking association and a federally chartered bank and, as such, is a citizen of the State in which its main office, as set forth in its articles of association, is located.  See Wachovia Bank, N.A. v. Schmidt, et al., 546 U.S. 303 (2006).  Wells Fargo's main office is located in Sioux Falls, South Dakota, and therefore it is a citizen of the State of South Dakota.

  **B.**  **Personal Jurisdiction**

The parties do not contest personal jurisdiction in this matter.

**III.**  **Brief Description of Case**

  **A.**  **Claims of Plaintiff**

The Plaintiff claims she was subject to discrimination and a hostile work environment based upon race, color, national origin, gender, and religion.  She further claims that she was retaliated against for making complaints about the discrimination and hostile work environment, and also because she engaged in protected activities under the workers' compensation statute.  She alleges the Defendant negligently supervised its manager.  Plaintiff claims she was subjected to both negligent and intentional infliction of emotional distress.  Plaintiff further claims that she was not paid for all hours worked in violation of the FLSA.

  **B.**  **Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants**

Wells Fargo denies all of Plaintiff's claims, including her common law claims; denies that any of its representatives discriminated or retaliated against or harassed Plaintiff on any protected basis; and denies that it failed to pay Plaintiff appropriately.  Wells Fargo will assert its

affirmative defenses (including, but not limited to, that Plaintiff fails to state a claim upon which relief may be granted, has failed to exhaust administrative remedies, and has failed reasonably (and/or is unable) to mitigate alleged damages) in its pleading responsive to Plaintiff's anticipated Amended Complaint.

## IV.    Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

1. Plaintiff began working for Wells Fargo on or about June 2, 1997 as a *Teller*.

2. On or about July 5, 2010, Plaintiff was promoted to the position of *Lead Teller*.

3. On or about October 9, 2012, Plaintiff was promoted to the position of *Service Manager*.

4. *Store Manager* Delia Zorrilla was the hiring manager who hired Plaintiff into the position of *Store Manager* in October 2012.

5. Ms. Zorrilla remained Plaintiff's manager during the remainder Plaintiff's employment with Wells Fargo.

6. On or about March 25, 2013, Ms. Zorrilla placed Plaintiff on a *Performance Improvement Plan*.

7. On or about April 22, 2013, Ms. Zorrilla issued Plaintiff an *Informal Warning*.

8. The last day that Plaintiff reported to work at Wells Fargo was April 25, 2013.

9. On or about July 24, 2013, Plaintiff filed a charge against Wells Fargo with the Connecticut Commission on Human Rights and Opportunities ("CHRO") (CHRO No. 1410027), which was dual-filed with the U.S. Equal Employment Opportunities Commission (EEOC No.

16a-2013-01327).  In her administrative charge(s), Plaintiff claimed that she was discriminated against in the terms/conditions of employment, and harassed, on or about April 25, 2013, on the basis of her religion (Muslim) and national origin (Bangladesh).

       10.       On or about February 28, 2014, the CHRO issued a *Release of Jurisdiction*.

**V.**       **Case Management Plan**

       **A.**       **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows.

       **B.**       **Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.

       **C.**       **Early Settlement Conference**

       1.       The parties certify that they have considered the desirability of attempting to settle this case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

       2.       The parties do not request an early settlement conference.

       3.       Should the parties subsequently determine that a settlement conference would be beneficial, the parties would prefer a settlement conference with a magistrate judge.

       4.       The parties do not request a referral for alternative dispute resolution pursuant to Rule 16 of the Local Rules of Civil Procedure.

**D.     Joinder of Parties and Amendment of Pleadings**

1.     Plaintiff has indicated that she intends to amend her Complaint.  Plaintiff should be allowed until August 13, 2014 to file motions to join additional parties and to file a motion to amend the pleadings.

2.     Wells Fargo should be allowed until August 27, 2014 to join additional parties and to file an answer to Plaintiff's pleadings or amended pleadings, if any.

**E.     Discovery**

1.     The parties anticipate that discovery will be needed on the following subjects:  (i) Plaintiff's employment at Wells Fargo, including her work and performance as an employee; (ii) Plaintiff's interactions with her supervisors, coworkers, and subordinates while employed at Wells Fargo; (iii) Plaintiff's mental health history and records, (iv) the identity of all witnesses and documents and other tangible items involved in the issues and allegations set forth in Plaintiff's Complaint, and in Wells Fargo's defenses; and (v) Plaintiff's calculation and mitigation of alleged damages.

The parties reserve the right to seek discovery on additional subjects and to challenge the relevance of any of the subjects identified herein or any additional subjects identified during discovery.

2.     All discovery will commence immediately and be completed (not propounded) by August 4, 2015.  Wells Fargo, however, maintains that a shorter discovery period would be sufficient.

3.     Discovery will not be conducted in phases, other than as set forth in Paragraphs 6 and 7 below.

    4.      Plaintiff anticipates that she will require a total of 5 fact witness depositions. Wells Fargo anticipates that it will require a total of one (1) to three (3) fact witness depositions. Such depositions may commence immediately and shall be completed by August 4, 2015.

    5.      The parties do not anticipate serving more than 25 interrogatories, but reserve the right to request permission from the Court to exceed that limit.

    6.      Plaintiff may call expert witnesses at trial.  Plaintiff will designate all trial experts, and provide opposing counsel with reports from retained experts pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, by May 1, 2015.  Depositions of any such experts will be completed by June 1, 2015.

    7.      Wells Fargo may call expert witnesses at trial.  Wells Fargo will designate all trial experts, and provide opposing counsel with reports from retained experts pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, by July 1, 2015.  Depositions of such experts will be completed by August 4, 2015.

    8.      Initial Disclosures, Damages Analysis, and Initial Discovery Protocols For Employment Cases shall be exchanged by the parties by October 4, 2014.

    9.      Undersigned counsel have discussed the disclosure and preservation of electronically-stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically-stored information, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure, and management of electronically-stored information:  Both parties have agreed to

preserve all electronically-stored information that may be relevant to this case, and counsel will have further discussions concerning discovery of such information as appropriate.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production: Any party who discovers that it has inadvertently produced privileged or work-product protected documents shall promptly notify opposing counsel, who shall then promptly return any such materials to the producing party without retaining copies of same. The parties agree that any such inadvertent production shall not constitute a waiver of any applicable privileges. The parties reserve the right to demand the production of a privilege log in the event that either party demands the return of inadvertently-produced privileged materials, and the parties reserve their rights to challenge the assertion of any privileges with respect to any documents or information identified in such a privilege log.

### F.     **Dispositive Motions**

Dispositive motions, if any, will be filed on or before thirty (30) days after the discovery deadline, or September 4, 2015, whichever is later.

### G.     **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by December 4, 2015 if no dispositive motion is filed. If a dispositive motion is filed, the joint trial memorandum will be filed within thirty (60) days after a decision on that motion.

## VI. TRIAL READINESS

The case will be ready for trial on January 4, 2016 or ninety (90) days after the Court's ruling on any dispositive motion, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| PLAINTIFF | DEFENDANT |
|---|---|
| WAHIDA RASHID | WELLS FARGO BANK, N.A. |

By: */s/ Michael T. Petela, Jr.*  
    Michael T. Petela, Jr.  
    Cicchiello & Cicchiello LLP  
    364 Franklin Avenue  
    Hartford, Connecticut 06114  
    *mpetela@cicchielloesq.com*

    Her Attorneys

By: */s/ Jeffrey A. Fritz*  
    Jeffrey A. Fritz (ct26667)  
    Fisher & Phillips LLP  
    200 State Street, 13th Floor  
    Boston, Massachusetts 02109  
    *jfritz@laborlawyers.com*

    Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing document was filed electronically and served by first-class mail, postage prepaid, on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail, at the address below, to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    */s/ Jeffrey A. Fritz*  
    Jeffrey A. Fritz